# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2660 | **DATE** | 12/13/2010 |
| **CASE TITLE** | Indiana Insurance Company vs. Westfield Insurance Company | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file its first amended complaint for declaratory judgment [29] is denied without prejudice.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Indiana Insurance Company, seeks leave to file its First Amended Complaint, which purports to seek "declaratory judgment" to the effect that Defendant, Westfield Insurance Company, owes Plaintiff damages. (R. 29.) Citing fatal deficiencies in Plaintiff's original complaint, the Court granted Defendant's motion to dismiss, without prejudice. (R. 27.) Because the First Amended Complaint fails plausibly to allege that Defendant breached a contract to which Plaintiff was either privy or an intended beneficiary, the Court denies Plaintiff's motion without prejudice.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# BACKGROUND

As the Court recounted in its Memorandum Opinion and Order of August 26, 2010, the present case arises from a tragic gas explosion that occurred at the home of Kim Bowen in 1996. (R. 28.) Subsequent litigation focused on the alleged negligence of general contractor, Richard Smykal, Inc., and subcontractor, Professional Plumbing, Inc. (*Id.* at 1-2.) At the time of the explosion, Plaintiff insured Smykal and Defendant insured Professional Plumbing. (*Id.* at 2.) After Defendant refused to defend Smykal, the latter filed a third-party complaint, seeking declaratory judgment. While the parties' cross-motions for summary judgment were pending, Defendant agreed to defend Smykal "without reservation as to coverage", though it did so reserving "its right to seek contribution, apportionment and/or reimbursement for any defense costs and/or payments made on behalf of Smykal . . . ." (*Id.*) Five years later, the Bowen Estate litigation settled. (*Id.* at 3.) During the settlement conference, Defendant agreed that it would "square up" with Plaintiff after the Brown Estate litigation was "put to rest and all releases and dismissal orders entered." (*Id.*) In settling the litigation, Defendant paid $2,525,000 on behalf of Professional Plumbing and Plaintiff paid $2,250,000 on behalf of Smykal. (R 29-1 at 18.) Plaintiff had a commercial general liability (CGL) policy with a $1 million limit that covered Smykal. (R. 28 at 3.) Defendant also had a CGL policy with a $1 million limit, as well as a commercial umbrella policy with a $10 million limit, both of which covered Professional Plumbing and its "additional insured," Smykal. (*Id.*) As Defendant agreed to defend Smykal without reservation as to coverage, Plaintiff contends that Defendant should have paid $1,250,000 under its $10 million CU policy after Plaintiff exhausted its $1 million in primary CGL policy limits. (*Id.*) According to Plaintiff, Defendant has not paid that sum. (*Id.*)

On April 30, 2010, Defendant removed the instant case from the Circuit Court of Cook County, premising the Court's jurisdiction upon diversity of citizenship. (R. 1.) The complaint "for declaratory judgment" sought recovery of damages from Defendant. (R. 1-2 at 4-15.) It alleged that Plaintiff had paid $1,250,000, which Defendant in fact owed under its commercial umbrella policy. (*Id.* at 14.) Plaintiff also sought $250,000 interest and $282,046.51 in defense fees and costs that it paid in the defense of Smykal. (*Id.* at 15.)

On May 21, 2010, Defendant filed a motion to dismiss, arguing, first, that the complaint, although purportedly seeking declaratory judgment, failed to plead facts showing that declaratory relief could be granted. (R. 16 at 6.) Defendant also argued that the complaint failed to state a claim for equitable subrogation or equitable contribution. (*Id.* at 7-11.) Finally, Defendant argued in the alternative that Plaintiff's claim for equitable contribution was time-barred. (*Id.* at 11-13.)

The Court granted Plaintiff's motion to dismiss on August 26, 2010, without prejudice. (R. 27.) The complaint did not state a claim for breach of contract because it failed either to identify a contract to which Plaintiff was privy or to show that Plaintiff was a third-party beneficiary of any contract. (R. 28 at 8-10.) Because Plaintiff's equitable-subrogation claim depended on the existence of a contract between it and Defendant, that claim, too, failed. The Court did not address the equitable-contribution issue in light of Plaintiff's representation that it was not pleading such a claim. (*Id.* at 11 n.4.)

On October 29, 2010, Plaintiff filed the motion for leave to file its first amended complaint for declaratory judgment that is currently before the Court. The Court denies the motion, without prejudice.

# LEGAL STANDARD

The Federal Rules of Civil Procedure provide that, in circumstances such as those attendant to the instant motion, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The rule provides that the "court should freely give leave when justice so requires." *Id.* The Seventh Circuit has explained, however, that, "[a]lthough leave to amend should be freely given, that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (internal citations omitted). Indeed, "[d]istrict courts have broad discretion to deny leave to amend when there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

# ANALYSIS

**Plaintiff Fails to Explain How its Proposed First Amended Complaint Identifies a Contract Between the Parties**

Plaintiff argues that "some six new letters attached as [e]xhibits to" its amended complaint "show that Indiana Insurance Co. is, in fact, a party to the agreement by Defendant Westfield Insurance Co. to provide a defense 'without reservation as to coverage' for Richard Smykal, Inc." (R. 29 at 6.) Of course, "[e]xhibits attached to the complaint are part of the pleading for all purposes and may be reviewed when considering a motion to dismiss." *Soto v. City of Chicago*, No. 10-CV-3602, 2010 WL 4810612, at * 2 n.1 (N.D. Ill. Nov. 19, 2010); *see also Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Plaintiff's reference to "some six new letters" is somewhat unclear, in light of the fact that twelve exhibits accompany its motion, of which eight appear to be letters. (R. 29-2; 29-3; 29-7; 29-8; 29-9; 29-10; 29-11; 29-12.) Plaintiff does not specify which of the exhibits are new letters, though the Court, through its independent review, concludes that the exhibits include four new letters, comprising (1) a September 27, 2000, letter from Condon & Cook (the law firm representing Smykal) to Menges, Mikus & Molzahn (the law firm representing Defendant) (R. 29-8); (2) a November 7, 2000, letter to Defendant (R. 29-9); (3) a January 10, 2001, letter from Plaintiff to Defendant (R. 29-10); and (4) an August 17, 2005, letter from Plaintiff to Robert Hunt at Defendant insurance company. (R. 29-12.)

The Court previously ruled that the original complaint failed either to identify a contract to which Plaintiff was privy or to show that Plaintiff was a third-party beneficiary of any contract. (R. 28 at 8-10.) Surprisingly, Plaintiff's motion for leave to file its First Amended Complaint fails to explain how the (four) new letters it attaches to its proposed complaint plausibly suggest the existence of a contract between the parties or that Plaintiff was a third-party beneficiary of a contract to which Defendant, as promisor, was privy. (R. 29 at *passim*.) Indeed, Plaintiff's entire explanation as to the specific content of these letters and how they correct the earlier complaint's deficiencies is as follows:

> There are some six new letters attached as [e]xhibits to the First Amended Complaint for Declaratory Judgment[,] which show that Indiana Insurance Co. is, in fact, a party to the agreement by Defendant Westfield Insurance Co. to provide a defense 'without reservation as to coverage' for Richard Smykal, Inc., Plaintiff Indiana Insurance Co's insured.

(R. 29 at 6.) The Court considers this to be an inadequate explanation to warrant its granting Plaintiff's motion for leave to file its First Amended Complaint. *See, e.g.*, *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (declining "to overturn a district court's denial of leave to replead . . . given that plaintiff's counsel did not advise the district court how the complaint's defects would be cured"). Plaintiff does not address the substance of the letters or explain how their contents cure the original complaint's flaws. In addition, Plaintiff's counsel failed to appear at the November 3, 2010, hearing, at which Plaintiff was scheduled to present its motion.

Beyond these problems, the Court has independently reviewed the pertinent letters, which do not obviously cure the deficiencies underlying the original complaint. The proposed First Amended Complaint does not allege the existence of a written contract between Plaintiff and Defendant. (R. 29-1 at *passim*.) Because the alleged agreement could not be performed within one year—the proposed First Amended Complaint alleges that Defendant paid 50% of Smykal's defense fees from 2001 to 2006 (R. 29-1 at 16-17)—an oral agreement between the parties would have to be evidenced in writing and signed by the party to be charged (Defendant) in order to be enforceable. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 548-49 (7th Cir. 2005) (citing 740 ILL. COMP. STAT. 80/1). Neither the complaint nor the letters attached as exhibits allege or show that Defendant signed such a writing.

Furthermore, a representative review of the "new letters" does not reveal that the proposed complaint adequately cures the defects underlying the original complaint. For instance, the September 27, 2000,

correspondence from Condon & Cook, which represented Smykal, to Menges & Molzahn, which represented Professional Plumbing, provides only that Menges, on behalf of Defendant, had accepted the defense of Smykal. (R. 29-8.) It makes no reference to Plaintiff, Indiana Insurance Company, or to any contract between Plaintiff and Defendant. (*Id.*)

In addition, the proposed First Amended Complaint alleges that Defendant's acceptance of Smykal's defense was qualified. Specifically, "Westfield reserves its right to seek contribution, apportionment and/or reimbursement for any defense costs and other payments made on behalf of Smykal with regard to this litigation from any other insurance company which provides insurance coverage to Smykal." (R. 29-1 at 16.) As the Court noted in its Memorandum Order and Opinion of August 26, 2010, Defendant's specific reservation of its right of contribution and reimbursement applies to a group that includes Plaintiff. (R. 28 at 10.) In light of the previously identified letters, which are incorporated within the allegations of the complaint for the purposes of a motion to dismiss, Plaintiff fails to explain how or why the proposed First Amended Complaint plausibly alleges breach of contract or equitable subrogation. Nor does Plaintiff explain how that complaint plausibly alleges that Plaintiff is an intended beneficiary of a contract to which Defendant, as promisor, is privy. (*Id.*)

## CONCLUSION

For the preceding reasons, the Court denies, without prejudice, Plaintiff's motion to file its First Amended Complaint.